**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                          **4:09CR00265-01-WRW**

**GEORGE WYLIE THOMPSON**

## ORDER

Pending is Defendant Thompson's Motion to Suppress (Doc. No. 144).  I have reviewed the papers filed by the parties and a hearing on this motion was conducted this morning.

At the conclusion of the hearing, I indicated -- or intended to at least -- that I probably would grant the Motion to Suppress; but since the hearing, I have reviewed *United States v. Leon*,[1] *United States v. Grant*,[2] *United States v. Hudspeth*,[3] and *United States v. Thurman.*[4]

I believe the U.S. Magistrate Judge -- an undeniably outstanding jurist -- got it wrong in finding that there was probable cause to issue the search warrant.  This is because I believe, based on a totality of the circumstances, "the property" referred to in the affidavit was not sufficiently connected to Defendant's announced intention to discharge a handgun.  The conclusion in the affidavit that "the property" was Defendant's property at 1800 Lusby Lane, which was searched, was speculation.

---

[1]486 U.S. 897 (1984).

[2]490 F.3d 627 (8th Cir. 2007).

[3]525 F.3d 667 (8th Cir. 2008).

[4]No. 09-3545, 2010 WL 4702462 (8th Cir. Nov. 22, 2010).

1

The crucial question, however, is:  was it "objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant"?[5]

Taking all of the information before me in consideration, I cannot find -- and do not find -- that it was objectively unreasonable for the officers executing the search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant.

Accordingly, the Motion to Suppress (Doc. No. 144) is DENIED.

IT IS SO ORDERED, this 6th day of December, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5]*United States v. Grant*, 490 F.3d at 632.