**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                               4:09CR00265-01-BRW

**GEORGE WYLIE THOMPSON**

**ORDER**

Pending is the Prosecution's Motion Regarding Payment of Funds Pursuant to the Criminal Justice Act (Doc. No. 201). Defendant has responded.[1]

The Prosecution seeks to have $19,070.00 that was seized when Defendant was apprehended overseas paid to the Criminal Justice Act ("CJA") Fund as partial reimbursement for Defendant's legal fees. These funds were unavailable to Defendant at the time he filed his financial affidavits and was appointed counsel.

Defendant has been found guilty in this case of felon in possession of a firearm (two counts), felon in possession of ammunition, conspiracy to dispose of ammunition to a felon, possession of illegal silencers, aiding and abetting an illegal gambling business, conspiracy to conduct an illegal gambling business, and aiding and abetting marriage fraud. In another case in this district,[2] he was found guilty of charges relating to possession with the intent to distribute cocaine. In both cases, Defendant has been represented by two court-appointed attorneys funded through the CJA Fund. Sentencing is pending in both cases, with Defendant facing a mandatory minimum of ten years in Case No. 4:09CR00305-JLH. Additionally, the Prosecution advises that

---

[1] Doc. No. 209.

[2] *United States v. George Wylie Thompson*, Case No. 4:09CR00305-01-JLH.

1

Defendant was charged in an indictment in the District of Massachusetts and was appointed counsel in that case.

"Whenever . . . the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to . . . the court for deposit in the Treasury as a reimbursement to the appropriation."[3]  The Court of Appeals for the Eighth Circuit has explained:

> Once an individual has demonstrated an inability to pay the costs of his defense, repayment should be ordered under § 3006A(f) only after a full inquiry into his actual ability to bear those costs.  Inability to pay is not the same as indigence or destitution.  The test is whether repayment would cause such financial hardship as to make it impractical or unjust.  The ability to pay must be evaluated in light of the liquidity of the individual's finances, his personal and familial needs, or changes in his financial circumstances.[4]

In deciding whether Defendant's seized funds are "available" for reimbursement under the statute, I must consider Defendant's personal needs in light of his current circumstances.[5]  Defendant has no assets other than the $19,070.00 at issue,[6] which he maintains was legitimate income not subject to forfeiture.  He points out that he faces a likely lengthy prison sentence, many items are not provided by the Bureau of Prisons, and he would need to support himself upon his release.  Under these circumstances, I find that ordering the whole sum paid to the CJA

---

[3] 18 U.S.C. § 3006A(f).

[4] *Museitef v. United States*, 131 F.3d 714, 716 (8th Cir. 1997) (citations omitted).

[5] *United States v. Bracewell*, 569 F.2d 1194, 1199 (2d Cir. 1978) ("Before a finding of 'availability' can properly be made, the district judge should be satisfied that, in ordering reimbursement in any specified amount, the defendant will not suffer extreme hardship as a consequence of being deprived of his funds. In every case, the needs of the defendant himself must be considered: if he is sentenced to imprisonment, he may, nonetheless, require some funds to fulfill basic personal needs.").

[6] After his conviction for conspiracy to conduct an illegal gambling business, the parties agreed to forfeiture of $188,960.00.  The real estate listed as an asset on his financial affidavits was awarded to his ex-wife in their divorce decree.

Fund would leave Defendant completely destitute and would not serve the interests of justice. On the other hand, a substantial amount of a limited fund has been expended in Defendant's cases, and Defendant should contribute to the extent he is able.

Accordingly, the Prosecution's Motion (Doc. No. 201) is GRANTED in part and DENIED in part. Of the $19,070.00 in the Asset Forfeiture Fund, $10,000.00 is to be paid directly to the Clerk of the Court for the benefit of the CJA Fund. The remaining $9,070.00 is to be returned to Defendant.

IT IS SO ORDERED this 14th day of March, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE